NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY DENTAL ASSOCIATION,<br><br>    Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY and AETNA LIFE INSURANCE COMPANY,<br><br>    Defendants. | Civ. No. 10-2121<br><br>OPINION & ORDER |

THOMPSON, U.S.D.J.

## I. INTRODUCTION

This matter comes before the Court upon Plaintiff's Motion to Remand [docket # 10]. The Court has decided this motion upon consideration of the parties' written submissions and oral argument held on September 16, 2010. Arthur Meisel, Esq. appeared on behalf of Plaintiff New Jersey Dental Association, Paricia Lee, Esq. and Liza Walsh, Esq. appeared on behalf of Defendant Aetna Life Insurance Company, and Michael Vassalotti, Esq. and James Griffith, Esq. appeared on behalf of Defendant Metropolitan Life Insurance Company. For the reasons given below, the motion is granted.

## II. BACKGROUND

Plaintiff is a professional membership organization consisting of more than 4,700 dentists who work in the State of New Jersey. It brought this lawsuit against Metropolitan Life Insurance Company ("Met Life") and Aetna Life Insurance Company ("Aetna"), alleging that these insurance companies have, in their health benefit plans, established certain maximum fee levels for dentists that violate contracting arrangements and/or state law. Plaintiff filed its Complaint in

1

state court on March 26, 2010, and Defendants filed a Notice of Removal in this Court on April 26.

The Notice of Removal asserted that the basis for federal jurisdiction was diversity of citizenship between the parties, noting that the amount in controversy was greater than $75,000 and that Plaintiff New Jersey Dental Association's place of business is in New Jersey while Met Life and Aetna's principal places of business are in New York and Connecticut, respectively. On May 21, 2010, Plaintiff filed a Motion to Remand, arguing that since it is acting in a "representative capacity" in this lawsuit, the citizenship of its members is what matters for purposes of establishing diversity jurisdiction. Along with this motion, Plaintiff submitted affidavits by two of its member dentists who state that they are residents of the state of New York. A month later, Defendants filed a "Revised Notice of Removal" along with their opposition brief to Plaintiff's motion. In these submissions, Defendants asserted that jurisdiction in this case is premised not on general diversity of citizenship rules (*see* 28 U.S.C. § 1332(a)), but rather on the special diversity of citizenship rules applicable to class action lawsuits (*see* 28 U.S.C. § 1332(d)). In its reply brief, Plaintiff objected to this revised notice as untimely and disputed Defendants' contention that there is a basis for class action diversity.[1]

### III. ANALYSIS

#### A. Timeliness of the Revised Notice of Removal

28 U.S.C. § 1446(b) specifies that a defendant seeking to remove a case to federal court must file a notice of removal within 30 days of receiving the first removable pleading. The rule does not specify under what conditions a defendant may amend its notice of removal. Plaintiff contends that, after the thirty-day period for removal under 28 U.S.C. § 1446(b) has elapsed, a revised notice of removal may be filed only in order to correct minor, technical errors in alleging

---

[1] The Court allowed Defendants to file a sur-reply and Plaintiffs to file a response thereto.

jurisdiction, not to allege an entirely new basis for federal jurisdiction, a proposition which finds some support in case law. *See*, *e.g.*, *Garguilo v. Dessauer*, No. 04-1206, 2004 WL 966240 (E.D. Pa. May 5, 2004). Defendants' first Notice of Removal alleged that removal was based on the general diversity of citizenship rules embodied in 28 U.S.C. § 1332(a), but its Revised Notice of Removal is based on the class action diversity rules laid out in 28 U.S.C. § 1332(d), which are substantially different. It is clear, therefore, that the Revised Notice of Removal goes beyond correcting mere technical errors.

However, two Third Circuit cases suggest that there is an exception to the general rule that a new basis for jurisdiction may not be raised in a revised notice of removal. In *Scattergood v. Perelman*, the district court dismissed all the plaintiffs' federal claims for failure to state a claim and then dismissed the state law claims for lack of federal jurisdiction. 945 F.2d 618, 620 (3d Cir. 1991). The plaintiffs had originally brought their state law claims under the doctrine of pendent jurisdiction, and the district court explicitly denied the plaintiffs' request to amend their complaint to allege diversity of citizenship as a new basis for jurisdiction over the state law claims. *Id.* The Third Circuit reversed, holding that the plaintiffs should have been allowed to amend their complaint to include diversity of citizenship as a new basis for jurisdiction. *Id.* at 627. In *USX Corp. v. Adriatic Insurance Co.*, the Third Circuit extended *Scattergood* to cover notices of removal, holding that after an intervening Supreme Court case changed certain jurisdictional requirements, defendants should be permitted to amend their notice of removal to bring their jurisdictional allegations in line with the new case. 345 F.3d 190, 204-05 (3d Cir. 2003). Read in conjunction, *Scattergood* and *USX* suggest that a defendant should be allowed to file new jurisdictional allegations whenever the circumstances are such that he or she could not have been expected to know that its previously-asserted grounds for federal jurisdiction are insufficient.

In this case, none of the facts alleged in the Complaint or Amended Complaint would have put Defendants on notice that members of the Plaintiff association resided in New York. The Amended Complaint simply alleges that Plaintiff "is a professional membership organization comprised of more than 4,700 dentists in the State of New Jersey." (Am. Compl. ¶ 1.) Therefore, when Defendants learned that certain plaintiffs resided in New York, a fact that rendered their first-asserted basis for federal jurisdiction inapplicable, they were entitled to amend their Notice of Removal to allege a new basis for federal jurisdiction. The Revised Notice of Removal is therefore timely.

### B. Class Action Diversity

Under general diversity jurisdiction principles, a federal court has jurisdiction over state law claims only when there is "complete diversity"—i.e., no plaintiff is a citizen of the same state as any defendant—and each plaintiff claims relief of at least $75,000. *Midlantic Nat'l Bank v. Hansen,* 48 F.3d 693, 696 (3d Cir. 1995); *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). The Class Action Fairness Act ("CAFA") extends the diversity jurisdiction of federal district courts by giving them jurisdiction over two related types of cases, "class actions" and "mass actions," when there is only "minimal diversity"—i.e., diversity between at least one plaintiff and one defendant—and there is $5 million in controversy when all plaintiffs' claims are aggregated. *See* 28 U.S.C. § 1332(d)(2) & (11). At present, neither the minimal diversity nor the $5 million aggregate amount in controversy requirement appears to be at issue. Instead, the parties dispute whether this lawsuit qualifies as a "class action."

Under CAFA, the term "class action" is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). This case does not explicitly meet that definition. It has not been

4

brought under any rule or statute authorizing representative persons to sue on behalf of a class. For this reason, Defendants' reliance on *College of Dental Surgeons of Puerto Rico v. Connecticut General Life Insurance Co.* (585 F.3d 33 (1st Cir. 2009)) is insufficient. The complaint in that case "invoked Puerto Rico's class action rules" and therefore fell within 28 U.S.C. § 1332's definition of "class action." 585 F.3d at 40. Plaintiff's Complaint in this case does not invoke any state or federal class action rules.

In their Sur-Reply, Defendants argue that the Court has jurisdiction over this matter on the theory that CAFA's diversity rules should be interpreted liberally to cover what is a class action "in substance." (Defs.' Sur-Reply 2.) Defendants argue that this action should be removable as a class action because "(1) it alleges harm to the dentists as a professional group, (2) it seeks class-wide relief, and (3) it is attempting to serve as a representative of all its members." (*Id.* at 2-3.) In other words, Defendants argue that this case is removable because it bears some of the hallmark characteristics of a class action. However, it appears from the language and structure of CAFA that Congress did not intend that all cases bearing a resemblance to a class action should be removable on the basis of minimal diversity and $5 million in controversy. CAFA has a separate provision allowing removal for "class-action like" lawsuits. This "mass action" provision, codified at 28 U.S.C. § 1332(d)(11), gives the federal courts jurisdiction over some actions that are substantially similar to class actions, but the section limits this jurisdiction to actions that meet specific criteria. While the statute's meaning is not entirely clear, the statute's language appears to indicate that the Court may only retain jurisdiction over those individual plaintiffs whose claims place at least $75,000 in controversy. *See Lowrey v. Alabama Power Co.*, 483 F.3d 1184, 1203 (11th Cir. 2007) (interpreting 28 U.S.C. § 1332(d)(11); *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 686-88 (9th Cir. 2006) (same). Since none of the individual dentists on behalf of whom Plaintiff has brought this lawsuit are

5

alleged to have a claim for $75,000, this Court may not retain jurisdiction over this case. Furthermore, when a statute allowing for removal to federal court is unclear in its application, as is the case with CAFA, that statute should be strictly construed, resolving doubts in favor of remand. *Brown v. Jevic*, 575 F.3d 322, 325 (3d Cir. 2009).

As this action does not meet the special class action diversity requirements laid out in 28 U.S.C. § 1332(d), this Court does not have removal jurisdiction under 28 U.S.C. § 1441.

## IV. CONCLUSION

For the foregoing reasons, IT IS, this 21st day of September, 2010

ORDERED that Plaintiff's Motion to Remand [docket # 10] is GRANTED; and it is further

ORDERED that this matter is REMANDED to the Superior Court of New Jersey, Middlesex County; and it is further

ORDERED that this case is CLOSED.

                                                    */s/ Anne E. Thompson*
                                                      ANNE E. THOMPSON, U.S.D.J.